## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| DUANE HAYES,        ) | |
| ) | |
|     Plaintiff,   ) | |
| ) | |
| vs.   ) | CIVIL ACTION NO. 21-0359-CG-N |
| ) | |
| BIG COOKS SIDING & TRIM, LLC,  ) | |
| ) | |
|     Defendant.   ) | |
| ) | |
| ) | |

### ORDER

This matter is before the Court on Plaintiff, Duane Hayes' ("Hayes") Motion to Transfer Venue. (Doc. 8).  Defendant has not yet filed an Answer in this Action. For the reasons explained below, the Court finds that Hayes' motion is due to be GRANTED.

### FACTS

This action for declaratory judgment, injunctive, equitable, and monetary relied, pursuant to Title VII of the Civil Rights Act was filed by Plaintiff on August 17, 2021. (Doc. 1).  Defendant has not filed an Answer.  On November 16, 2021, this Court entered an Order directing Plaintiff to show cause why a request for default entry was not filed.  (Doc. 6).  On November 23, 2021, Plaintiff filed a response to the show cause order indicating that default was not appropriate and that this action should be transferred to the Northern District of Florida, Panama City Division.  (Doc. 7).  The subject Motion to Transfer was filed simultaneously

therewith. (Doc. 8).

## DISCUSSION

According to Plaintiff, this action was filed in the Southern District of Alabama in good faith. However, since that time, Plaintiff's counsel has learned that (1) Defendant employed Plaintiff at its principal place of business in Youngstown, Florida located in Bay County, Florida, (2) the allegations of Plaintiff's complaint occurred in or around the Northern District of Florida, and (3) the witnesses to the events leading to this action are situated in Bay County, Florida.

28 U.S.C. § 1404(a) provides that "[f]or the convenience of the parties and witnesses, and in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The standard for transfer under section 1404(a) gives broad discretion to the trial court, which will be overturned only for abuse of discretion. *See Brown v. Connecticut Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991). Congress authorized courts to transfer the venue of a case in order to avoid unnecessary inconvenience to the litigants, witnesses, and the public, and to conserve time, energy, and money. *See Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964).

Based on the representations made by Plaintiff, this action could have initially been filed in the Northern District of Florida, Panama City Division and the Northern District of Florida is the more convenient forum. Accordingly, Plaintiff's motion is due to be granted.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Transfer (Doc. 8) is

**GRANTED**. This action is transferred to the United States District Court for the Northern District of Florida.

**DONE** and **ORDERED** this 30th day of November, 2021.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE